<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5032**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANTONIO BRANCH,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (4:01-cr-00061-HCM-1)

Submitted: May 31, 2012              Decided:  June 11, 2012

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Patricia Palmer Nagel, THE LAW OFFICES OF PATRICIA PALMER NAGEL, PLC, Williamsburg, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Branch appeals the district court's order revoking his supervised release and sentencing him to thirty months' imprisonment. Branch argues his revocation sentence is procedurally unreasonable because the district court failed to properly calculate the Guidelines range and substantively unreasonable because the district court's rationale did not adequately support the sentence imposed. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if the sentence is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," the court first assesses the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that [it] employ[s] in [its] review of original sentences[.]" Id. at 438.

A revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release revocation case. Id. at 440. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence

imposed, up to the statutory maximum. Id. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is "plainly" unreasonable if it is clearly or obviously unreasonable. Id. Branch argues the district court erred in calculating his Guidelines range by failing to apply the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, to his original, underlying felony conviction, which, Branch contended, would have the effect of lowering his Guidelines sentencing range. This court has held that the FSA is not retroactive for offenders, like Branch, whose sentencing pre-dated the effective date of the statute. United States v. Bullard, 645 F.3d 237, 248-49 (4th Cir.) ("We agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent be inferred from its language."), cert. denied, 132 S. Ct. 356 (2011). Thus, we conclude the FSA had no bearing on Branch's Guidelines range. As to the substantive reasonableness of Branch's sentence, we have examined the transcript of the sentencing hearing and conclude that the district court's statements adequately support the sentence it imposed. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED